# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# IN ADMIRALTY

### Case No. 14-CIV-60885-BLOOM/Valle

ANDREZEJ TARASEWICZ, individually, and
JOANNA PASCHILKE TARASEWICZ,
individually,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL
CARIBBEAN, RCL and/or RCCL; ROYAL
CARIBBEAN INTERNATIONAL, f/k/a ROYAL
CARIBBEAN CRUISE LINE; the M/V "LIBERTY OF
THE SEAS," her boilers, engines, tackle, equipment,
freight, appliances, appurtenances, etc., in rem; KJETIL
GJERSTAD, individually; Marine Global GROUP AS,
an active foreign Norwegian private limited company;
Marine Global NORWAY AS, active foreign
Norwegian private limited company; Marine Global
HOLDING AS, an active foreign Norwegian private
limited company; Marine Global SWEDEN AB, an
active foreign Swedish limited company; Marine
Global GROUP, INC., a Florida foreign business
organization; YARA INTERNATIONAL ASA, an
active Norwegian public limited company; GREEN
TECH MARINE AS, an active foreign Norwegian
private limited company; GREEN TECH MARINE
GGG AB, an active foreign Swedish private limited
company; BENGT PETER KENNY STRANDBERG,
an individual; AMT MARINE AND INDUSTRIAL
ENGINEERING LTD., an active foreign United
Kingdom private limited company; and CEGA GROUP
SERVICES LTD., a foreign United Kingdom private
limited company,

    Defendants.
_____/

### **ORDER GRANTING MOTIONS TO VACATE DEFAULT**

**THIS CAUSE** is before the Court upon AMT Marine and Industrial Engineering Ltd.'s ("AMT") three Motions to Set Aside Clerk's Default. ECF Nos. [107] (the "First Motion"), [130] (the "Second Motion"), [148] (the "Unopposed Motion").

Plaintiffs Andrezej Tarasewicz and Joanna Paschilke Tarasewicz ("Plaintiffs") initiated this action on April 15, 2014. AMT was served with the summons and complaint on or about September 11, 2014. Plaintiffs applied for entry of default against AMT by the Clerk on January 27, 2015. ECF No. [101]. The Clerk entered default that same day. ECF No. [102]. AMT, a Welsh company, mistakenly thought that its insurer was defending the case. *See* First Motion ¶ 3; Second Motion at p. 1; Unopposed Motion at p. 2. Upon learning about the Clerk's entry of default, AMT promptly inquired into the matter, and filed the First Motion, *pro se*, on February 2, 2015. Plaintiffs opposed the First Motion, arguing that AMT is precluded from appearing *pro se*, that the motion was procedurally defective, and that AMT had failed to establish a basis for the relief sought. ECF No. [110]. AMT replied in support of the First Motion, *see* ECF Nos. [119], [124], and filed the Second Motion, also *pro se*, on February 17, 2015. AMT also actively pursued retaining U.S. counsel, who appeared in this matter on February 18, 2015. Beginning that day, counsel for AMT conferred with counsel for Plaintiffs, via e-mail and telephone and in person, regarding setting aside the Clerk's entry of default against AMT. AMT filed its third motion to vacate the Clerk's entry of default on March 5, 2015. Plaintiffs never filed a motion seeking default judgment by the Court, did not respond to the Second Motion (and the response deadline has passed), and have consented to the relief sought in the Unopposed Motion.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

AMT has demonstrated that its default was not willful but the result of understandable confusion and inadvertence. AMT attempted to respond to the Court's orders and adhere to the requirements of these proceedings in good faith. As Plaintiffs now consent to vacation of AMT's default, they cannot be prejudiced. Finally, the Second Motion is in the main an answer to the Complaint, and raises several meritorious defenses within the context of setting aside a clerk's entry of default.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. AMT's Unopposed Motion to Set Aside Clerk's Default, ECF No. [148] is **GRANTED**. ECF Nos. [107] and [130] are **DENIED AS MOOT**.
2. The Clerk's entry of default against AMT, ECF No. [102] is **VACATED**.
3. AMT shall file a response to Plaintiffs' Complaint, ECF No. [1], Defendants Royal Caribbean Cruises, Ltd., Royal Caribbean International and the M/V

Liberty of the Seas' Crossclaims, ECF No. [95], and Defendant Kjetil Gjerstad's Crossclaim, ECF No. [96], no later than **April 20, 2015**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of April, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record