**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY**

**Case No. 14-CIV-60885-BLOOM/Valle**

ANDREZEJ TARASEWICZ, individually, and
JOANNA PASCHILKE TARASEWICZ,
individually,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL
CARIBBEAN, RCL and/or RCCL; ROYAL
CARIBBEAN INTERNATIONAL, f/k/a ROYAL
CARIBBEAN CRUISE LINE; the M/V "LIBERTY OF
THE SEAS," her boilers, engines, tackle, equipment,
freight, appliances, appurtenances, etc., in rem; KJETIL
GJERSTAD, individually; Marine Global GROUP AS,
an active foreign Norwegian private limited company;
Marine Global NORWAY AS, active foreign
Norwegian private limited company; Marine Global
HOLDING AS, an active foreign Norwegian private
limited company; Marine Global SWEDEN AB, an
active foreign Swedish limited company; Marine
Global GROUP, INC., a Florida foreign business
organization; YARA INTERNATIONAL ASA, an
active Norwegian public limited company; GREEN
TECH MARINE AS, an active foreign Norwegian
private limited company; GREEN TECH MARINE
GGG AB, an active foreign Swedish private limited
company; BENGT PETER KENNY STRANDBERG,
an individual; AMT MARINE AND INDUSTRIAL
ENGINEERING LTD., an active foreign United
Kingdom private limited company; and CEGA GROUP
SERVICES LTD., a foreign United Kingdom private
limited company,

    Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE JURY DEMAND**

**THIS CAUSE** is before the Court upon the Motion, ECF No. [109] (the "Motion"), of Defendants Royal Caribbean Cruises, Ltd. ("Royal Caribbean") and the M/V LIBERTY OF THE SEAS (the "Vessel", and together, "Defendants") to Strike Plaintiffs Andrezej Tarasewicz and Joanna Paschilke Tarasewicz's ("Plaintiffs") demand for a trial by jury. Plaintiffs oppose the Motion, ECF No. [138] (the "Response"), and Defendants have replied, ECF No. [160] (the "Reply"). Defendant Kjetil Gjerstad joins in the Motion. ECF No. [151]. The Court has carefully reviewed the Motion, all supporting and opposing submission, relevant caselaw and authority, and the record in the case. For the reasons that follow, the Court **DENIES** the Motion.

## I.   BACKGROUND

Plaintiffs filed their Verified Complaint on April 15, 2014. ECF No. [1]. Within the next several days, Plaintiffs availed themselves of several procedural tools available only in admiralty, including arrest of the Vessel,[1] *see* ECF No. [8], and service of discovery requests on the Vessel pursuant to Fed. R. Civ. P. Supp. R. C(6)(b) (available only in actions *in rem*). The Verified Complaint was captioned "AT LAW AND IN ADMIRALTY," and Plaintiffs' pleaded jurisdiction as follows:

> This is an action for damages in excess of $75,000.00, exclusive of attorney fees and costs, and is within this Court's *Subject Matter Jurisdiction* pursuant to 28 USC § 1332(a)(1) as there is complete diversity between the parties. Additionally, portions of this action may fall within the *Subject Matter Jurisdiction* of the Court pursuant to 46 U.S.C.§30104 *(The Jones Act);* 46 USC §10313 (Foreign and Intracoastal Voyages-Wages); 46 USC§ 10504 (Coastwise Voyages-Wages); 28 U.S.C. §1333 *(Admiralty, Maritime and Prize Cases),* 33 U.S.C. § 901, et seq. *(Longshore and Harbor Worker's Compensation Act),* and 46 U.S.C. §31301 *(Maritime Liens).* The Plaintiffs, however, do NOT make an election under Rule 9(h) to proceed in admiralty, but rather elect to proceed at common law and preserve their right to a jury trial for any and all claims and defenses so triable.

---

[1] Plaintiffs received security for the Vessel – a Letter of Undertaking in the sum on $10,000,000 – in lieu of arrest.  *See* ECF No. [15].

2

Compl. ¶ 1. The Vessel is named as a Defendant, *in rem*, in each Count of the Verified Complaint.

On May 8, 2014, the Defendant Vessel moved to dismiss the Verified Complaint for lack of admiralty jurisdiction, ECF No. [17] (the "Motion to Dismiss"). On June 6, 2014, Royal Caribbean filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), arguing that Plaintiffs had improperly lumped together the (then) fifteen named Defendants in the same Counts and had improperly incorporated all general factual allegations within each Count of the Verified Complaint. ECF No. [27] (the "12(e) Motion"). The parties fully briefed those motions. In defending the sufficiency of their pleading, Plaintiffs stated that they "have not 'lumped' anything, but rather have appropriately pled in the alternative throughout the complaint which they have every right to do" and that the Verified Complaint "properly . . . placed the proper defendants in each Count" of the complaint. ECF No. [28] (Plaintiff's "Opposition to the 12(e) Motion") at 9, 14.

On December 18, 2014, the Court denied both motions, ECF Nos. [89] (the "MTD Order"), [90] (the "12(e) Order"). The Court determined that Fed. R. Civ. P. 9(h)[2] "only applied when a claim is cognizable under admiralty or maritime jurisdiction *and* general maritime jurisdiction" such that "an action brought *in rem* against a vessel is a claim cognizable only in the admiralty or maritime jurisdiction and does not require a designation under Rule 9(h)(1)." MTD Order at 1, 3. It, therefore, denied the Vessel's Motion to Dismiss. The Court further

---

[2] That rule provides, in relevant part:

> How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

FED. R. CIV. P. 9(h)(1).

3

determined that the Verified Complaint "is neither so vague nor so ambiguous as to justify" granting Royal Caribbean's request for a more definite statement. 12(e) Motion at 1.

Defendants filed the instant Motion on February 4, 2015. This matter was transferred to the undersigned on March 31, 2015. The Motion is ripe for adjudication.

## II. DISCUSSION

Defendants argue that Plaintiffs are not entitled to a jury trial because they elected to sue in admiralty and not pursuant to this Court's general subject matter jurisdiction (e.g., due to diversity of citizenship).

The Constitution provides that the judicial power of the federal courts "shall extend . . . to all Cases of admiralty and maritime Jurisdiction." U.S. CONST. art. III, § 2, cl. 1. Congress implemented this constitutional grant through 28 U.S.C. § 1333(1), which provides that the district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." This statutory grant gives federal courts jurisdiction over all admiralty and maritime cases, regardless of the citizenship of the parties or the amount in controversy. Critically for purposes of this discussion, no right to trial by jury exists with respect to claims brought in admiralty. *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036-37 (11th Cir. 1996) ("[I]n all admiralty cases, there is no right to a jury trial."); *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009) (affirming the "the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial [*vel non*]) by a simple statement in his pleading that the claim is an admiralty claim"); *Penton v. Pompano Const. Co.*, 976 F.2d 636, 638 n.2 (11th Cir. 1992) ("As a general rule, maritime claims brought in admiralty are not triable to a jury.").

4

"However, the same statute that grants the federal courts exclusive admiralty and maritime jurisdiction saves to suitors 'all other remedies to which they are otherwise entitled'" – including the right to trial by jury. *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996) (quoting 28 U.S.C. § 1333(1)); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001) (the savings to suitors clause "protects the right of a common law remedy where the common law is competent to give it"). "[O]ne significance of the savings-to-suitors clause, [is that it] permits a litigant to obtain federal jurisdiction over, and jury resolution of, an admiralty question by invoking federal jurisdiction on an independent basis." *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1344 (5th Cir. 1979).[3]  Furthermore, while "the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." *Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 20 (1963); *see also Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1315 (S.D. Fla. 2012) (plaintiff would be entitled to trial by jury by federal court sitting in admiralty if plaintiff asserted "an independent basis for diversity jurisdiction and/or a concurrent claim that entitles plaintiff to a jury trial").

Rule 9(h) pertains to claims potentially brought in admiralty which implicate more than one jurisdictional basis. "If a claim has multiple jurisdictional bases, one of which is admiralty, Federal Rule of Civil Procedure 9(h) provides that the pleading may contain a statement identifying the claim as an admiralty or maritime claim.'" *Murphy v. Florida Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311, 1319 (2003) (quoting FED. R. CIV. P. 9(h)(1)). Of course, "[b]y the plain terms of Rule 9(h), a claim cognizable only under admiralty jurisdiction does not require a Rule 9(h) election because admiralty procedures will automatically apply to that claim." *Luera*

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011); *see* FED. R. CIV. P. 9(h)(1) ("A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated."). As with Plaintiffs' claims against the Defendant Vessel here (and as the Court previously explained in the MTD Order), claims brought *in rem* against a vessel are cognizable only in admiralty and do not require a designation under Rule 9(h)(1). But, "[i]f a case sounding in both admiralty and common law arises from a single incident in which *in personam* jurisdiction is alleged, the plaintiff can choose between filing the complaint in state court based on *in personam* jurisdiction, in federal court based on the applicable jurisdiction, or in federal court pursuant to Rule 9(h) of the Federal Rules of Civil Procedures." *Se. Marine, LLC v. Motor Yacht OCEAN CLUB*, 2010 WL 2540701 at * 1 (M.D. Fla. Jun. 21, 2010). In the Eleventh Circuit, a plaintiff who fails to choose between admiralty jurisdiction and some other basis for jurisdiction is presumed to have elected *not* to proceed in admiralty. *Murphy*, 329 F.3d at 1319 ("Failure to identify a claim as an admiralty or maritime claim in these circumstances means that it is not one."); *Harris v. Flow Int'l Corp.*, 2007 WL 3011267, at *1 (M.D. Fla. Oct. 12, 2007) ("[F]ailure to identify a claim as sounding in admiralty in the complaint means a court's admiralty jurisdiction will not apply."); *Hutchinson v. M/V MOL ENDURANCE (IN REM)*, 2011 WL 4433282, at *3 (S.D. Ga. Sept. 21, 2011) ("The Eleventh Circuit ruled that if a claim can be pled in admiralty and non-admiralty, yet is not pled in admiralty, then by default it is preservationally deemed a non-admiralty claim."); *see also M-Cubed LLC v. Maersk Line Ltd.*, 374 F. App'x 701, 702 (9th Cir. 2010) (plaintiff who does not wish to invoke admiralty jurisdiction need not affirmatively state anything).

    This case involves a sub-issue recently analyzed by the Fifth Circuit: "whether [a plaintiff] nevertheless necessarily made a Rule 9(h) election to proceed under the admiralty rules

for her *in personam* claims by the mere presence of the *in rem* admiralty claims in her complaint." *Luera*, 635 F.3d at 189-90.  The *Luera* Court concluded that "the mere presence of admiralty claims in the same complaint as claims premised on diversity jurisdiction does not preclude a jury trial." *Id*. at 190.  *See also Fitzgerald*, 374 U.S. at 20-21 (admiralty claims may be tried to a jury when the parties are entitled to a jury trial on non-admiralty claims); *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1053-57 (9th Cir. 1997) (concluding that there was "nothing inherently incongruous about bringing an *in rem* and an *in personam* claim together before the jury when the claims arise out of a single occurrence"); *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148 (4th Cir. 1995) (same, following *Fitzgerald*).  The plaintiff in *Luera* had "preserved her Seventh Amendment right to a jury trial by pleading diversity as the sole basis, *rather than an alternate basis*, for the court's jurisdiction over her claims against the *in personam* defendants." *Id*. at 185 (emphasis added).  And, unlike the facts in the prior Fifth Circuit precedent – where "the plaintiffs had asserted both admiralty and diversity subject matter jurisdiction for *the same claim*" and "did not specifically assert diversity jurisdiction as the *only* basis for subject matter jurisdiction over their *in personam* claims" – the plaintiff in *Luera* stated separate claims in separate counts against the *in rem* defendants and the *in personam* defendants. *Id*. at 189-90.  The Fifth Circuit highlighted that "Rule 9(h) applies to 'claims' and not to entire cases." *Id*. at 190 (quoting FED. R. CIV. P. 9(h)(1)).  That is, the jurisdictional analysis is claim by claim, not case by case.  Therefore, a plaintiff may choose to proceed in admiralty as to certain claims, and assert a separate jurisdictional basis (e.g., diversity) for other claims, within the same complaint, without sacrificing her jury rights.  As the *Luera* court explained,

> Under [defendants'] theory, a plaintiff in [this] position would be left with a Hobson's choice: she could either plead her *in personam* claims together with her *in rem* claims but waive her right to a jury trial, or she could preserve her right to a jury trial by pleading her *in personam* claims only and forgo a legally

7

> cognizable *in rem* claim.  Plaintiffs should not be required to make such a choice when a third option remains – upholding the constitutional guarantee of a jury trial for the *in personam* claims.

*Id*. at 195.

Defendants highlight what they view as several distinctions between the case at bar and the facts in *Luera*, which, they argue, require the Court to strike Plaintiffs' jury demand.  Unlike the plaintiff in *Luera*, Plaintiffs here chose to mix *in rem* and *in personam* defendants within the same claims.  In fact, when Royal Caribbean, in the 12(e) Motion, characterized the Verified Complaint as having improperly lumped *in rem* and *in personam* defendants together in the same Counts, Plaintiffs stressed that they "properly . . . placed the proper defendants in each Count" of the complaint.  Second, Defendants interpret Plaintiffs' jurisdictional statement in the Verified Complaint as asserting admiralty jurisdiction over each claim.  Third, Defendants stress that Plaintiffs have utilized procedural tools available only in admiralty – such as, most significantly, seizure of the Vessel.  Finally, Defendants read the law of the case – the 12(e) and MTD Orders – as having confirmed that Plaintiffs are proceeding here *only* in admiralty.  Defendants maintain that together, these facts demonstrate that Plaintiffs have chosen to sue in admiralty as to every Count of the Verified Complaint.

The Court's analysis of the facts here compels the opposite conclusion.

There is some case law to the effect that, once a plaintiff avails herself of special admiralty procedures, she foregoes procedural and substantive remedies available at law.  *See*, *e.g.*, *Se. Marine*, 2010 WL 2540701 at *5 (finding that plaintiff had "waived its right to a jury trial through the initiation of this action in admiralty, by so designating the case in the caption and by invoking Rule 9(h) throughout the pleadings, and by virtue of having received procedural benefits available only to admiralty litigants" – i.e., having "'reaped the admiralty advantages' through its use of a stipulation in lieu of vessel arrest and the procurement of a letter of

8

undertaking from the vessel's insurer"). The Court respectfully disagrees. So holding would require the Hobson's choice described by the Fifth Circuit – between bringing an *in rem* claim, along with its attendant procedural remedies, and thereby foregoing important rights on related *in personam* claims; and asserting *in personam* claims and preserving those rights (i.e., to trial by jury), but foregoing legally cognizable *in rem* claims. A plaintiff is entitled to bring both *in rem* and *in personam* claims within the same complaint, without sacrificing her procedural *or* jury rights as to *either* set of claims, respectively. The fact that Plaintiffs have utilized the tools of this Court's admiralty jurisdiction to pursue their claims against the Vessel *in rem* does not preclude them from pursuing other claims against other defendants, *in personam*, in this same action.[4]

Neither does the Court agree with Defendant's interpretation of Plaintiffs' assertion of jurisdiction. Plaintiffs captioned this case as proceeding both at law and in admiralty. The primary stated basis of jurisdiction was diversity, pursuant to 28 USC § 1332(a)(1). Admiralty jurisdiction was asserted as an alternative basis. Of course, as the Court has previously held, Plaintiffs must be proceeding in admiralty *with respect to their in rem* claims against the Vessel. Such claims are not otherwise legally cognizable. Plaintiffs therefore asserted two alternative basis for the Court's jurisdiction over their *in personam* claims, and explicitly declined to make "an election under Rule 9(h) to proceed in admiralty, but rather elect[ed] to proceed at common law and preserve their right to a jury trial for any and all claims and defenses so triable."

Plaintiffs alternative statement of jurisdiction is not harmful to their jury rights. First, the most straightforward reading of the Verified Complaint is that Plaintiffs intended to assert

---

[4] The Court notes that *Luera* is on all fours with the conclusion to permit a plaintiff to use admiralty procedures and still preserve her jury rights. There, as here, a Letter of Undertaking was obtained with respect to a defendant vessel in lieu of its seizure, and the court nonetheless confirmed that the plaintiff had retained her right to trial by jury. *See Luera*, 635 F.3d at 183-84.

admiralty jurisdiction where necessary, but proceed at law, and preserve their jury rights available at law, as to their *in personam* claims and where such rights are available.  Equally important, unlike in the Fifth Circuit, in the Eleventh, failure to choose between admiralty jurisdiction and some other basis for jurisdiction creates a presumption *against* proceeding in admiralty.  *Compare Murphy*, 329 F.3d at 1319 ("Failure to identify a claim as an admiralty or maritime claim in these circumstances means that it is not one."); *Harris v. Flow Int'l Corp.*, 2007 WL 3011267 at *1; *Hutchinson*, 2011 WL 4433282 at *3; *with Luera*, 635 F.3d at 189-90 ("[I]n this circuit a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity or some other basis of federal subject matter jurisdiction. . . . "[A] plaintiff who fails to choose between admiralty jurisdiction and some other basis of subject matter jurisdiction for a claim is presumed to have elected under Rule 9(h) to proceed under admiralty jurisdiction and the admiralty procedures for that claim.").  Even if Plaintiffs had remained silent on the Rule 9(h) election, this Court would presume that they chose to proceed at law and thereby to preserve their jury rights.

Neither Plaintiffs' responses to Defendants' previous motions attacking the Verified Complaint, nor the law of the case, have locked Plaintiffs in to proceeding only in admiralty.  The Verified Complaint does include all defendants, including the Vessel, in all Counts asserted.  Plaintiffs may have been better served by duplicating each Count in the complaint to separate out the *in rem* and *in personam* defendants, especially when confronted with the 12(e) Motion.[5]  But as the Court previously held, the Verified Complaint was nonetheless not fatally vague or

---

[5] If such a pleading requirement is the only upshot of Defendants' arguments, first, the Court is not inclined to read away a plaintiff's right to trial by jury for failing to duplicate identical claims against separate defendants, and second, such a requirement may add clarity at the expense of brevity.  *Cf.* FED. R. CIV. P. 8(a) (complaint should contain "a short and plain statement of the claim").

ambiguous. That is, reading Plaintiffs' jurisdictional statement alongside the claims asserted, the Verified Complaint is sufficiently clear in asserting jurisdiction in admiralty with respect to Plaintiffs' *in rem* claims against the Vessel, and diversity jurisdiction with respect to Plaintiffs' remaining claims against the other defendants.

### III.  CONCLUSION

Plaintiffs have preserved their jury rights for their *in personam* claims where such rights exist. The presence of Plaintiffs' admiralty claims in this same action does not defeat those rights. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion, ECF No. [109], is **DENIED**.

While Defendants argued that Plaintiffs are not entitled to a jury trial, they did not proactively demand a bench trial. The Court will not decide an issue not before it. That said, the Supreme Court has instructed that in situations like this one, "[o]nly one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." *Fitzgerald*, 374 U.S. at 21; *see also Debellefeuille v. Vastar Offshore, Inc.*, 139 F. Supp. 2d 821, 826 (S.D. Tex. 2001) (relying on *Fitzgerald* to empanel jury to hear both admiralty and non-admiralty claims arising from same set of facts); *Tucker v. Cascade Gen., Inc.*, 2011 WL 5057052, at *10 (D. Or. Oct. 24, 2011) (relying on *Fitzgerald* to grant plaintiff's request for advisory jury over government's objection and desire for a bench trial in admiralty where multiple claims arose from the same fact pattern). The parties are advised to proceed under the assumption that this Court will follow that guidance, unless convinced to do otherwise by appropriate motion citing contradicting authority.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of April, 2015.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record