# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### IN ADMIRALTY

### Case No. 14-CIV-60885-BLOOM/Valle

ANDREZEJ TARASEWICZ, individually, and
JOANNA PASCHILKE TARASEWICZ,
individually,

       Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL
CARIBBEAN, RCL and/or RCCL; ROYAL
CARIBBEAN INTERNATIONAL, f/k/a ROYAL
CARIBBEAN CRUISE LINE; the M/V "LIBERTY OF
THE SEAS," her boilers, engines, tackle, equipment,
freight, appliances, appurtenances, etc., in rem; KJETIL
GJERSTAD, individually; Marine Global GROUP AS,
an active foreign Norwegian private limited company;
Marine Global NORWAY AS, active foreign
Norwegian private limited company; Marine Global
HOLDING AS, an active foreign Norwegian private
limited company; Marine Global SWEDEN AB, an
active foreign Swedish limited company; Marine
Global GROUP, INC., a Florida foreign business
organization; YARA INTERNATIONAL ASA, an
active Norwegian public limited company; GREEN
TECH MARINE AS, an active foreign Norwegian
private limited company; GREEN TECH MARINE
GGG AB, an active foreign Swedish private limited
company; BENGT PETER KENNY STRANDBERG,
an individual; AMT MARINE AND INDUSTRIAL
ENGINEERING LTD., an active foreign United
Kingdom private limited company; and CEGA GROUP
SERVICES LTD., a foreign United Kingdom private
limited company,

       Defendants.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Paintiffs Andrezej Tarasewicz and Joanna Paschilke Tarasewicz's ("Plaintiffs") Motion, ECF No. [150] (the "Motion"), to Strike certain affirmative defenses asserted by Defendants Royal Caribbean Cruises, Ltd. d/b/a Royal Caribbean International ("Royal Caribbean") and the M/V LIBERTY OF THE SEAS (the "Vessel", and together, "Defendants") in their Answer and Affirmative Defenses, ECF No. [95] (Defendants' "Answer") to Plaintiffs Verified Complaint, ECF No. [1].  The Court has carefully reviewed the Motion, all supporting and opposing submissions, and the record in this case.  For the reasons discussed below, the Court largely denies, but in part grants, the Motion.

Defendants Answer contains twenty-eight affirmative defenses.  Plaintiffs Motion addresses eleven of them:  Defendants' Third, Fourth, Fifth, Sixth, Seventh, Fifteenth, Sixteenth, Seventeenth, Twentieth, Twenty-Second, and Twenty-Fifth Affirmative Defenses.  In their response to the Motion, ECF No. [166] (the "Response"), Defendants agreed to abandon their Sixth Affirmative Defense.  In their reply in support of the Motion, ECF No. [185] (the "Reply"), Plaintiffs withdrew their request to strike Defendants' Seventeenth Affirmative Defense.  The Court therefore limits its discussion to the nine affirmative defenses still at issue.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination.  Fed. R. Civ. P. 12(f); *see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995).  Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation

and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).  That said, affirmative defenses will be stricken if they are insufficient as a matter of law.  *See Morrison*, 434 F. Supp. 2d at 1319; *see also* FED. R. CIV. P. 12(f).

A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense.  *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988).  However, "[i]n attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial."  *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004)).  Federal courts in Florida and elsewhere have repeatedly held that "[w]hen this occurs, the proper remedy is not strike the claim, but rather to treat it as a specific denial."  *Id.  See also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671-72 (S.D. Fla. 2013) (denying plaintiff's motion to strike denials labeled as affirmative defenses and instead treating them as specific denials); *Bartram, LLC v. Landmark Am. Ins. Co.*, 2010 WL 4736830, at *2 (N.D. Fla. Nov. 16, 2010); *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1-2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.  This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.").

Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See*, *e.g.*, *Sakolsky v. Rubin Memorial Chapel, LLC*, No. 07-80354-CIV, 2007 WL 3197530, *2 (S.D. Fla. Oct. 26, 2007). However, Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) ("The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts." (citation omitted); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Regional Medical Center, Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction").

Plaintiffs motion to strike Defendants' Third, Fourth, Fifth, Seventh, Twentieth and Twenty-Second Affirmative Defenses is not well taken. While Defendants have in effect admitted that they amount to specific denials rather than true defenses, the proper remedy is for the Court to treat them as such, not to strike them. Further, as Defendants note, *see* Resp. at 9, while technically redundant denials, those Affirmative Defenses are helpful in framing the disputed issues for the parties and the Court – especially given the number of claims, cross-claims and parties in this matter. *See*, *e.g.*, *Jirau v. Camden Dev., Inc.*, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011) (construing affirmative defenses as denials and noting that they "serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims") (quotation omitted). Finally, because these specific denials *qua* affirmative defenses are closely related to the controversy, Plaintiffs cannot maintain their claim that they could be prejudiced by being forced to undertake discovery related to them.

Defendant's Fifteenth and Sixteenth Affirmative Defenses pertain to Plaintiff's asserted entitlement to punitive damages. To the extent they purport to state defenses to punitive damages "claims," punitive damages are not a separate cause of action but part of a plaintiff's prayer for relief, and as such, cannot separately support affirmative defenses. *See*, *e.g.*, *Larkins v. The Bank*, 2005 WL 1278877, at *2 (N.D. Fla. May 10, 2005)("'claim' for punitive damages is not a cause of action, but is a part of the prayer for relief"). But to the extent those defenses seek to deny the allegations stated in the Verified Complaint which would substantiate Plaintiffs' prayer for punitive damages, they will be treated as specific denials rather than stricken.

Defendants' Twenty-Fifth Affirmative Defense "assert[s] that the Plaintiffs fail to state a claim upon which relief can be granted for product liability." Ans. at 32. As Plaintiffs highlight, Defendants do not identify which aspect of the Verified Complaint they consider related to a "products liability" claim. Defendants declined to comment on this issue in their Response. This Court has joined others in concluding that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests. *See*, *e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013); *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786 (M.D. Fla. Aug. 27, 2008); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013). Even judged by that standard, Defendants have

failed to provide Plaintiffs with fair notice of the nature of their Twenty-Fifth Affirmative Defense.  Accordingly, that defense is stricken.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. With respect to Defendants' Third, Fourth, Fifth, Seventh, Fifteenth, Sixteenth Twentieth and Twenty-Second Affirmative Defenses asserted in their Answer, ECF No. [95], Plaintiffs' Motion, ECF No. [150], is **DENIED**.

2. With respect to Defendants' Twenty-Fifth Affirmative Defense asserted in their Answer, ECF No. [95], Plaintiffs' Motion, ECF No. [150], is **GRANTED**.

3. The Court will consider Defendants' Sixth Affirmative Defense as **abandoned**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of April, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record