UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No. 14-CIV-60885-BLOOM/Valle

ANDREZEJ TARASEWICZ, individually, and
JOANNA PASCHILKE TARASEWICZ,
individually,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL
CARIBBEAN, RCL and/or RCCL; ROYAL
CARIBBEAN INTERNATIONAL, f/k/a ROYAL
CARIBBEAN CRUISE LINE; the M/V "LIBERTY OF
THE SEAS," her boilers, engines, tackle, equipment,
freight, appliances, appurtenances, etc., in rem; KJETIL
GJERSTAD, individually; Marine Global GROUP AS,
an active foreign Norwegian private limited company;
Marine Global NORWAY AS, active foreign
Norwegian private limited company; Marine Global
HOLDING AS, an active foreign Norwegian private
limited company; Marine Global SWEDEN AB, an
active foreign Swedish limited company; Marine
Global GROUP, INC., a Florida foreign business
organization; YARA INTERNATIONAL ASA, an
active Norwegian public limited company; GREEN
TECH MARINE AS, an active foreign Norwegian
private limited company; GREEN TECH MARINE
GGG AB, an active foreign Swedish private limited
company; BENGT PETER KENNY STRANDBERG,
an individual; AMT MARINE AND INDUSTRIAL
ENGINEERING LTD., an active foreign United
Kingdom private limited company; and CEGA GROUP
SERVICES LTD., a foreign United Kingdom private
limited company,

    Defendants.
_____/

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Paintiffs Andrezej Tarasewicz and Joanna Paschilke Tarasewicz's ("Plaintiffs") Motion, ECF No. [168] (the "Motion"), to Strike certain affirmative defenses asserted by Defendant Kjetil Gjerstad ("Defendant") in his Answer and Affirmative Defenses, ECF No. [96] (Defendant's "Answer") to Plaintiffs Verified Complaint, ECF No. [1].  The Court has carefully reviewed the Motion, all supporting and opposing submissions, and the record in this case.  For the reasons discussed below, the Court **DENIES** the Motion.

The Court recently ruled on a nearly identical motion filed by Plaintiffs, also pursuant to Fed. R. Civ. P. 12(f), to strike affirmative defenses asserted by other Defendants in this matter. *See* ECF No. [192] (the "Order").  The law on this issue has not changed in the intervening month.  Familiarity with the Order and the law recited there is assumed.

Defendant's Answer contains twenty-two affirmative defenses.  Plaintiffs Motion addresses six of them:  Defendant's Third, Fourth, Ninth, Fourteenth, Fifteenth and Sixteenth, Affirmative Defenses.[1]

As Defendant admits in his Response, his Third, Fourth, Ninth, Fourteenth and Fifteenth Affirmative Defenses amount to specific denials.  Accordingly, the Court will not strike them, but treat them as specific denials. *See Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("[T]he proper remedy is not strike the claim, but rather to treat it as a specific denial."); *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671-72 (S.D. Fla. 2013) (denying plaintiff's motion to strike denials labeled as affirmative defenses and instead treating them as specific denials); *Bartram, LLC v. Landmark Am. Ins. Co.*, 2010 WL

---

[1] As Defendant notes, Plaintiffs' "Wherefore" clause in their Motion also includes pleas to the Court to strike Defendant's Second and Nineteenth Affirmative Defenses.  But Plaintiffs do not address those defenses in their argument or conclusion.  Plaintiffs declined to reply to Defendant's opposition.  Those defenses appear to have been included in error, and the Court will not address them.

4736830, at *2 (N.D. Fla. Nov. 16, 2010); *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1-2 (M.D. Fla. Aug. 15, 2006).

By contrast, Defendant's Sixteenth Affirmative Defense is an affirmative defense, and is sufficiently pleaded. It asserts:

> If a fact-finder determines that Mr. Tarasewicz was a seaman at the time of his alleged incident, then Count IV fails to state a claim upon which relief can be granted against Defendant Gjerstad because Defendant Gjerstad had sufficient good cause to avoid the wage penalty statute and Mr. Tarasewicz failed to demand his wages within four days of disembarkation

Ans. at 23-24. "An affirmative defense admits the facts of the complaint and asserts additional facts in justification or avoidance of a claim." *Denarii Sys., LLC v. Arab*, 2013 WL 500826, at *6 (S.D. Fla. Feb. 11, 2013); *see also Adams*, 294 F.R.D. at 671 ("An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters."). Penalty wages may be awarded under 46 U.S.C. § 10313 where a seaman's wages are wrongfully withheld and the ship owner refuses to pay "without sufficient cause." *See* 46 U.S.C. §§ 10313(f), (g). In this defense, Defendant conditionally admits facts alleged in the Complaint, but states additional facts or justifications to avoid a particular penalty. As such, it is an affirmative defense, and will not be stricken. *See*, *e.g.*, *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (internal quotation and citation omitted); *cf. Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (defenses stricken where insufficient as a matter of law).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion, ECF No. [168], is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of April, 2015.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record